Elias **MADERE**, Plaintiff and Appellant, v. Mrs. Amanda **JACOB**, wife of Ernest Jacob, Defendant and Appellee.

No. 14345.

Court of Appeal of Louisiana. Orleans.

June 29, 1933.

Lubin F. Laurent, of New Orleans, and Lucien Troxler, of Reserve, for appellant.

C. A. Buchler, of Gretna, for appellee.

PER CURIAM.

Though this litigation has all the characteristics of a petitory action, counsel for the litigants agree that it is an action in boundary. The result sought to be obtained—the forcing of defendant to remove encroachments from land claimed to be owned by plaintiff—may, if plaintiff is correct, be ultimately obtained as the result of an action in boundary, and we see no reason why the matter should not be proceeded with since the parties so desire.

Defendant, by exception of no cause of action in the court below, sought the absolute dismissal of the suit and asserted that, since this is an action in boundary, there should have been in the petition an allegation as to the necessity for the appointment of a surveyor, the contention being that, under Civil Code, articles 833 and 841, a surveyor must be appointed in every boundary action and that, therefore, the failure to allege the necessity for the appointment is a fatal omission.

Plaintiff admitted that a surveyor must be appointed in every boundary action, but claimed that, since no boundary can be judicially fixed except after such appointment, the district judge must make the appointment, whether it is prayed for or not, and that it is not essential that such appointment be prayed for in the petition.

In the district court the exception of no cause of action was sustained and plaintiff's suit dismissed.

When the matter was called for argument before us, counsel agreed that the case should be remanded to the district court to the end that plaintiff might make such allegation as defendant contends should be made. Since counsel have agreed that this shall be done, it is not necessary that we consider the question which was presented to the district court, and we feel that the ends of justice will be best served by remanding the matter so that the allegation which counsel agree

shall be made may be made and so that the matter may then proceed as an action in boundary.

The judgment appealed from · is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the matter be remanded to the district court for further proceedings consistent with the views herein expressed and according to law.

Reversed and remanded.